## Sunseri, Appellant, *v.* Superior Truck Body Company.

Argued October 3, 1949. Before MAXEY, C. J., DREW, LINN, PATTERSON, STEARNE and JONES, JJ.

*Harvey A. Miller,* with him *Harvey A. Miller, Jr.,* for appellant.

*Zeno Fritz,* for appellee.

OPINION PER CURIAM, November 14, 1949:

This is an appeal from a judgment entered on a jury's verdict for the defendant in an action for rent under an alleged oral agreement.

The plaintiff's complaint averred that he and the defendant company were the owners, as tenants in common, of a concrete block building at No. 2000 Liberty Avenue, Pittsburgh, on land leased under a long term lease; that the undivided interests of the parties in the building were three-fourths to the plaintiff and one-fourth to the defendant; and that the defendant had occupied the building for a number of years and had not paid the plaintiff anything for the occupancy notwithstanding the defendant was obligated to pay the plaintiff rent at a specified rate by reason of a prior undertaking of a certain partnership whereof the defendant corporation was the successor. The defendant answered, denying that the plaintiff and it owned the building in question or that the defendant owed the plaintiff any rent for the building. The plaintiff filed a motion for judgment on the pleadings which was refused; and the case was then listed for trial.

On the eve of trial and, again, on the first day of the trial, the defendant moved to amend its answer by adding thereto averments that the Pennsylvania Macaroni Company, a corporation, was the owner of the building in question and that the defendant had paid that company all rent due for the defendant's occupancy of the building. The plaintiff objected to allowance of these amendments, but the court permitted them to be filed. The plaintiff did no more at that time than take exception to the court's action in such regard. Specifically,

he did not plead surprise, but went ahead with the trial on the issues as thus made.

After a full and exhaustive hearing, at which both the plaintiff and the defendant offered much oral and documentary evidence, the court submitted the case to the jury, on the basis of the contentions of the respective parties, in a fair and impartial charge to which the plaintiff took no specific exception; and the jury returned the verdict for defendant already mentioned. The plaintiff filed motions for a new trial and for judgment n. o. v., both of which the court below refused. The judgment from which the plaintiff has appealed was thereupon entered on the verdict.

In support of his motion for judgment n. o. v., the appellant contends that he was entitled to judgment on the pleadings and that his motion to that end should have been granted. As to the motion for a new trial, he alleges that the trial court erred in allowing the defendant to amend at trial; in sustaining the defendant's objection to the plaintiff's reading in evidence alleged undenied averments of the complaint; and in submitting to the jury, as an issue in the case, whether the building in question was owned by a third party. The appellant's final contention is that a new trial should have been granted in order that the plaintiff might implead the Pennsylvania Macaroni Company, as a party defendant, agreeably to Rule 2229 (e) of the Pennsylvania Rules of Civil Procedure, to try the question of title to the concrete block building. We find no merit in any of these contentions. Nor would anything be gained by our reiterating here what was so well set forth by the learned trial judge in the opinion for the court en banc upon refusing the motions for new trial and judgment n. o. v.

Judgment affirmed.